**Jess PIERCE and Anna Pierce, Plaintiffs in Error,**

v.

**Abbie M. JOHNSON, Defendant in Error.**

No. 35729.

Supreme Court of Oklahoma.

Nov. 9, 1954.

As Amended on Denial of Rehearing

Dec. 14, 1954.

Hoel & Horton, Stillwater, Bierer & Moser, Guthrie, for plaintiffs in error.

Duke Duvall, Dudley, Duvall & Dudley, Oklahoma City, for defendant in error.

JOHNSON, Vice Chief Justice.

Plaintiffs, Jess Pierce and his wife, Anna Pierce, brought suit against Margaret E. Pierce and Abbie M. Johnson for specific performance of an alleged oral contract to convey or devise real estate to them in consideration of their management and services in regard thereto and in the alternative to establish an equitable lien against said real estate for the value of their services. Margaret E. Pierce died after the commencement of the action and the court ordered the cause continued against Abbie M. Johnson, who had succeeded to the title to the real estate in question by virtue of a deed executed by Margaret E. Pierce to herself and Abbie M. Johnson as joint tenants with right of survivorship. Thereafter, plaintiffs filed an amended petition alleging substantially the same allegations as in the original but invoking the remedy of constructive trust against the successor in title to effectuate specific performance.

The cause was tried upon the issues resulting in judgment for the defendant. Plaintiffs have appealed, and for reversal, contend that the judgment of the trial court is contrary to the law and the evidence.

The record discloses that the first of the conversations between the parties with ref-

erence to either or both Willis E. and Margaret E. Pierce, husband and wife, both now deceased, rewarding with land either or both Jess Pierce (Willis' younger brother) an his wife, Anna, for services in looking after it, occurred in 1934, while the two brothers were alone together building fence. According to Jess' testimony, Willis told him that if he would continue to look after all of his land, he would "be paid by land" and that when the witness asked his said older brother, "How much?" the latter stated: "This place at least. That depends on how much you look after it and how much more land we get." The second and last conversation was testified by Jess and his wife to have occurred in 1937, in their dining room. According to Jess' testimony Willis, in the presence of his wife, Margaret, asked him if he would continue to look after all of their land, and when the witness answered that he would, Willis told him: "The land will be yours and your wife's at our death", to which Jess replied: "That sounds good * * *".

It is undisputed that title to the various farms acquired by Willis E. Pierce and Margaret E. Pierce had been taken in the name of Willis E. Pierce and that on October 18, 1947, they conveyed the land to themselves in joint tenancy with right of survivorship; that Willis E. Pierce died in Stillwater, Oklahoma, in January, 1950, and shortly thereafter Jess Pierce, at her request, took Mrs. Margaret E. Pierce back to California where she intended to and did live until her death; that on January 22, 1951, Margaret E. Pierce conveyed the farms in Oklahoma to herself and Abbie M. Johnson, as joint tenants, with right of survivorship, at which time she was in poor health and advanced in years; that when these deeds were placed of record plaintiffs allegedly considered the action a repudiation of the alleged agreement between them and Willis E. and Margaret E. Pierce and instituted this action.

██ We have thoroughly examined the record, assuming, without deciding, that all of the testimony with reference to the conversations above referred to was admissible under the so-called "Dead Man's Statute", 12 O.S.1951 § 384, but have concluded that the evidence as a whole is not of the character shown to be necessary in York v. York, Adm'r, Okl., 270 P.2d 656, and the authorities therein cited, to sustain plaintiffs' first cause of action; nor was there sufficient showing to justify a judgment in their favor upon a quantum meruit basis under their other alleged cause of action.

The trial court's findings of fact, conclusions of law, and judgment denying plaintiffs' recovery either for specific performance, or in the alternative, to establish an equitable lien against said real estate for the value of their services, is not against the clear weight of the evidence or contrary to law.

The judgment is affirmed.

WELCH, CORN, O'NEAL and BLACKBIRD, JJ., concur.

DAVISON, ARNOLD and WILLIAMS, JJ., concur in result.

HALLEY, C. J., dissents.